IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIALECT, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 23-378 (GBW) ) |
| GOOGLE LLC, | ) ) ) |
| Defendant. | ) |

**OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

OF COUNSEL:

Zachary M. Briers
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100

June 9, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant Google LLC*

## TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ..............................................................1

II. SUMMARY OF ARGUMENT .............................................................................................1

III. STATEMENT OF ALLEGED FACTS ..................................................................................1

    A. The Asserted Patents And Accused Products ..............................................................1

    B. Allegations Regarding Google's Knowledge Of The Asserted Patents ..................2

IV. LEGAL STANDARD ...........................................................................................................3

V. ARGUMENT .........................................................................................................................3

    A. The Complaint Fails To State A Claim For Indirect Or Willful Infringement Due To Failure To Meet The Knowledge And Scienter Requirements. .................................................................................................................3

        1. Dialect Fails To Allege Google's Knowledge Of The Asserted Patents. .................................................................................................................4

        2. Dialect Fails To Allege Google's Knowledge Of The Purported Infringement. ..........................................................................................................5

        3. Dialect's Allegation Of Post-Suit Knowledge Does Not Salvage Its Claims For Indirect And Willful Infringement. ..........................................8

    B. The Complaint Fails To State A Claim For Contributory Infringement Because It Does Not Identify Any Google Component Especially Adapted For Use In An Infringing Device. ...........................................................................................10

VI. CONCLUSION ....................................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Adidas Am., Inc. v. Skechers USA, Inc.*,
  2017 WL 2543811 (D. Or. June 12, 2017) ...................................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .....................................................................................................................3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .....................................................................................................................3

*Bench Walk Lighting LLC v. LG Innotek Co., Ltd.*,
  530 F. Supp. 3d 468 (D. Del. 2021) ...........................................................................................11

*BillJCo, LLC v. Apple Inc.*,
  583 F. Supp. 3d 769 (W.D. Tex. 2022) .......................................................................................5

*Boston Sci. Corp. v. Nevro Corp.*,
  415 F. Supp. 3d 482 (D. Del. 2019) .............................................................................................4

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ....................................................................................................11

*Celgene Corp. v. Mylan Pharms. Inc.*,
  17 F.4th 1111 (Fed. Cir. 2021) ..................................................................................................11

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
  2012 WL 6968938 (D. Del. July 18, 2012) .................................................................................5

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015) .....................................................................................................................3

*Cooper Lighting, LLC v. Cordelia Lighting, Inc.*,
  2017 WL 3469535 (N.D. Ga. Apr. 6, 2017) ................................................................................8

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*,
  2022 WL 16701926 (N.D. Cal. Nov. 3, 2022) .........................................................................4, 5

*Deere & Co. v. AGCO Corp.*,
  2019 WL 668492 (D. Del. Feb. 19, 2019) ...................................................................................5

*DermaFocus LLC v. Ulthera, Inc.*,
  201 F. Supp. 3d 465 (D. Del. 2016) .............................................................................................5

*Dynamic Data Techs. v. Google LLC*,
  2020 WL 1285852 (D. Del. Mar. 18, 2020) ...................................................................... 7

*Dynamic Data Techs. v. Google LLC*,
  2020 WL 3103786 (D. Del. June 11, 2020) ...................................................................... 7

*Dynamic Data Techs. v. Brightcove Inc.*,
  2020 WL 4192613 (D. Del. July 20, 2020) ...................................................................... 8

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ............................................................................................. 3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ......................................................................................................... 6

*Helios Streaming LLC v. Vudu, Inc.*,
  2020 WL 2332045 (D. Del. May 11, 2020) ..................................................................... 9

*Helios Streaming, LLC v. Vudu, Inc.*,
  2020 WL 3167641 (D. Del. June 15, 2020) .................................................................. 8, 9

*iFIT Inc. v. Peloton Interactive, Inc.*,
  2022 WL 609605 (D. Del. Jan. 28, 2022) ........................................................................ 8

*Kaufman v. Microsoft Corp.*,
  2020 WL 364136 (S.D.N.Y. Jan. 22, 2020) ..................................................................... 8

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
  670 F. Supp. 2d 349 (D. Del. 2009) ................................................................................. 8

*NetFuel, Inc. v. Cisco Sys., Inc.*,
  2018 WL 4510737 (N.D. Cal. Sept. 18, 2018) ................................................................ 8

*Ravgen, Inc. v. Quest Diagnostics Inc.*,
  2022 WL 2047613 (C.D. Cal. Jan. 18, 2022) ............................................................... 8, 9

*Sonos, Inc. v. Google LLC*,
  591 F. Supp. 3d 638 (N.D. Cal. 2022) ............................................................................. 4

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
  700 F.3d 1287 (Fed. Cir. 2012) ...................................................................................... 10

*Torchlight Tech. LLC v. Daimler AG, et al.*,
  C.A. No. 22-751-GBW (D. Del. Feb. 2, 2023) ................................................................ 8

*Välinge Innovation AB v. Halstead New England Corp.*,
  2018 WL 2411218 (D. Del. May 29, 2018) .................................................................. 8, 9

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
   2012 WL 1831543 (N.D. Cal. May 18, 2012) ................................................................4

*VLSI Tech. LLC v. Intel Corp.*,
   2019 WL 1349468 (D. Del. Mar. 26, 2019) ................................................................4, 8

*Wrinkl, Inc. v. Facebook*,
   2021 WL 4477022 (D. Del. Sept. 30, 2021) ...................................................................8

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   528 F. Supp. 3d 247 (D. Del. 2021) ............................................................................8, 9

**FEDERAL STATUTES**

35 U.S.C. § 101 ......................................................................................................................2

35 U.S.C. § 271(c) ................................................................................................................10

**I.     NATURE AND STAGE OF THE PROCEEDINGS**

On April 3, 2023, Dialect, LLC ("Dialect") filed a complaint against Google LLC ("Google") and Alphabet Inc., alleging that Google directly, indirectly, and willfully infringed various claims of eight related patents (the "Asserted Patents").[1] D.I. 1. On June 9, 2023, the Parties filed a stipulation dismissing Defendant Alphabet Inc. without prejudice, subject to this Court's approval. D.I. 8.

**II.    SUMMARY OF ARGUMENT**

Dialect fails to state a claim for induced, contributory, or willful infringement because it does not allege that Google had pre-suit knowledge of the Asserted Patents or the alleged infringement. The Complaint does not allege that Dialect sent Google any communications regarding the Asserted Patents. In an effort to plead around this deficiency, the Complaint alleges that several of the Asserted Patents were cited during the prosecution of one of Google's own patent applications. However, well-established case law holds that mere citations to patents during prosecution are insufficient to sustain a claim of indirect or willful infringement.

Dialect's claims for contributory infringement also fail for the independent reason that the Complaint does not identify any component sold or imported by Google that was especially made or adapted for use in infringing the Asserted Patents, and also does not plausibly allege that any such component lacks a substantial non-infringing use.

**III.   STATEMENT OF ALLEGED FACTS**

**A.     The Asserted Patents And Accused Products**

Each of the eight Asserted Patents relates to "systems and methods for receiving natural language queries and/or commands" and "parsing and interpreting the natural language query."

---

[1] The Asserted Patents are U.S. Patent Nos. 7,398,209; 7,502,738 ("the '738 patent"); 7,640,160; 7,693,720; 8,015,006; 8,447,607; 8,849,652; and 9,031,845 ("the '845 patent").

1

D.I. 1 ¶ 15. As alleged in the Complaint, the Asserted Patents describe "a machine's ability to communicate with humans in a natural manner." *Id.*[2]

Dialect alleges that Google makes and sells various digital assistant products, including the "Google Assistant Platform," which infringe the Asserted Patents. *Id.* ¶ 48. Dialect alleges that the accused products infringe the Asserted Patents because they are capable of "respon[ding] to a user generated natural language speech utterance." *Id.* ¶¶ 55, 93, 125, 155, 188–89, 230, 267, 300.

### B. Allegations Regarding Google's Knowledge Of The Asserted Patents

Although Dialect generically alleges that Google engaged in induced, contributory, and willful infringement of each Asserted Patent, Dialect does not allege that it ever identified the Asserted Patents or disclosed Dialect's infringement allegations to Google. As a result, Dialect does not allege that Google had pre-suit knowledge of the Asserted Patents or of the purported infringement.

In an attempt to overcome this deficiency, Dialect points to citations that were made during the prosecution of Google's own patents. With respect to six of the Asserted Patents, Dialect alleges that the Asserted Patent was cited by Google's counsel or by the patent examiner during one such prosecution. *See id.* ¶¶ 75, 104, 279. With respect to the other two Asserted Patents, Dialect alleges not even that an Asserted Patent was cited, but that a patent or patent application that is in the same patent family as the Asserted Patent was cited (either by Google's counsel or by the patent examiner) during prosecution of a Google patent application. D.I. 1 ¶¶ 104, 316. Dialect does not allege that Google was aware of the purported infringement of the Asserted Patents. Instead, Dialect alleges that Google "should have known" that its actions constituted infringement because it "has the technical expertise to understand the scope and content of" the

---

[2] The Asserted Patents claim a patent-ineligible abstract idea and are therefore invalid under 35 U.S.C. § 101. Google intends to file a dispositive motion early in this litigation on this basis.

Asserted Patents and "is a major provider of voice recognition products and services." *Id.* at ¶¶ 76, 105, 138, 169, 212, 247, 280, 317.

## IV.     LEGAL STANDARD

To survive a motion to dismiss, a complaint must state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] pleading offering only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" will not suffice to state a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

## V.      ARGUMENT

### A.    The Complaint Fails To State A Claim For Indirect Or Willful Infringement Due To Failure To Meet The Knowledge And Scienter Requirements.

Dialect fails to state a claim for either type of indirect infringement—contributory or induced infringement—because it does not allege either that (1) Google had pre-suit knowledge of the Asserted Patents, or (2) that Google was aware that its actions constituted infringement. To plead a claim of indirect infringement, a plaintiff must plausibly allege both elements. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 640 (2015) (holding that liability for induced infringement, like contributory infringement, requires proof that "the defendant knew of the patent" and knew as well that "the induced acts constitute patent infringement").

Dialect fails to state a claim for willful infringement for the same reason: to state a claim of willfulness, a plaintiff must plausibly allege that the defendant knew of the asserted patent and knew or was willfully blind to the fact that its conduct infringed the asserted patent. *See, e.g.*,

3

*Boston Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 495 (D. Del. 2019); *VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468, at *1 (D. Del. Mar. 26, 2019).

### 1. Dialect Fails To Allege Google's Knowledge Of The Asserted Patents.

Dialect does not allege that it ever provided notice to Google of the Asserted Patents. Dialect instead sifts through Google's patent prosecution history in an attempt to establish that the Asserted Patents, or other patents in the same family, were cited during prosecution of one of Google's own patent applications. However, courts consistently hold that "a scant citation" to patents during prosecution does "not establish specific knowledge of such patents" sufficient to state a claim for indirect or willful infringement. *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, 2022 WL 16701926, at *5 (N.D. Cal. Nov. 3, 2022).

With respect to two of the Asserted Patents—the '738 and '845 patents—Dialect alleges that, in connection with Google's own patent applications, one of Google's attorneys identified to the U.S. Patent and Trademark Office, or the patent examiner identified to Google, a patent or patent application that is in the same patent family as one of the Asserted Patents. D.I. 1 ¶¶ 104, 316. These allegations are plainly insufficient to demonstrate actual knowledge of the Asserted Patents. "Mere knowledge of a 'patent family' or the plaintiff's 'patent portfolio' is not enough." *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022). "The requisite knowledge of a patent allegedly infringed simply cannot be inferred from mere knowledge of *other* patents, even if somewhat similar." *Vasudevan Software, Inc. v. TIBCO Software Inc.*, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012).

With respect to the other six Asserted Patents, the Complaint alleges that Google identified the patent during prosecution of one of Google's own patent applications (D.I. 1 ¶¶ 168, 211, 246), or that a patent examiner identified the patent during prosecution of the same (*id.* ¶¶ 75, 137, 168, 246, 279). These allegations also do not suffice to establish knowledge of the Asserted Patents.

4

"[T]he scant citation alone to the patents-in-suit do[es] not establish specific knowledge of such patents." *Dali Wireless*, 2022 WL 16701926, at *5. The logic for this is sound. "During patent prosecution, patentees are incentivized to broadly search for and report relevant citations to the patent examiner pursuant to their duty of candor." *Id.* Thus, it does not follow that Google would have "specific knowledge of the substance of each and every patent cited during patent prosecution." *Id.*; *see also DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 471 (D. Del. 2016) (holding disclosure of asserted patent in an Information Disclosure Statement for another patent for which company founder was listed as inventor insufficient to establish knowledge); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) (holding plaintiffs' allegations not sufficient to show actual knowledge where a patent examiner asserted that the patent in suit was prior art to three of defendant's patent applications).

Dialect's claims for indirect and willful infringement should be dismissed because the Complaint fails to plausibly allege that Google had pre-suit knowledge of the Asserted Patents, which is an independent element of claims for induced, contributory, and willful infringement.

### 2. Dialect Fails To Allege Google's Knowledge Of The Purported Infringement.

Even if Dialect could establish that Google had knowledge of the Asserted Patents, Dialect's claims for indirect and willful infringement would still fail for the additional, independent reason that the Complaint fails plausibly to allege that Google knew its conduct was infringing. "Mere knowledge of the Asserted Patents is not enough" to establish the requisite knowledge of infringement. *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 777 (W.D. Tex. 2022); *see also Deere & Co. v. AGCO Corp.*, 2019 WL 668492, at *4 (D. Del. Feb. 19, 2019). A plaintiff also must plausibly allege that the defendant actually knew or was willfully blind to the fact that its conduct infringed the asserted patent. *See Global-Tech Appliances, Inc. v.*

5

*SEB S.A.*, 563 U.S. 754, 766–71 (2011). To prove willful blindness, a plaintiff must demonstrate that the defendant (1) subjectively believed that "there is a high probability" of infringement, and (2) took "deliberate actions to avoid learning of that fact." *Id.* at 769.

Dialect does not allege that Google had actual knowledge that its conduct infringed the Asserted Patents. The Complaint alleges only that Google "*should have*" known its conduct was infringing. *See, e.g.*, D.I. 1 ¶ 76 (emphasis added). But the Complaint offers no plausible explanation for why Google should be charged with constructive knowledge. Instead, the Complaint alleges only that Google has "technical expertise" and is a "major provider of voice recognition products and services." *See, e.g.*, *id*. Such allegations describe every patent defendant because a defendant is necessarily skilled in the technology of its own products and services. Dialect's allegations do not establish that Google in fact knew that its conduct amounted to infringement.

Although Dialect generically alleges that Google was "willfully blind to the infringement," *id.* ¶ 80, it does not allege any of the facts necessary to make such an allegation plausible. A "willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Global-Tech*, 563 U.S. at 769. Dialect does not allege that Google took any action, let alone "deliberate actions," "to avoid confirming" infringement. *Id.* Nor does Dialect allege facts to show that Google had a subjective belief that "there is a high probability" of infringement. *Id.* As a result, Dialect fails to plausibly allege either actual knowledge or willful blindness of the purported infringement.

Dialect's allegations are even more deficient than those dismissed in *Dynamic Data Techs. v. Google LLC*, 2020 WL 1285852 (D. Del. Mar. 18, 2020), *report and recommendation adopted*

6

2020 WL 3103786 (D. Del. June 11, 2020). In that case, the Complaint identified three bases for charging Google with knowledge: (1) prior to filing suit, the plaintiff had "sent a letter to certain of Google's executives" that identified "the 10 patents-in-suit" in addition to other patents owned by plaintiff; (2) Google had "cited to the underlying patent application of what became one of the patents-in-suit . . . during Google's prosecution of one of Google's own patent applications"; and (3) plaintiff alleged that "the patents-in-suit were well known in the video processing industry" in which Google participated. *Id.* at *1–2. The complaint further alleged "in conclusory language, that Google was aware pre-suit that the 'normal and customary use of the accused products would infringe' the patents-in-suit," but like here did "not include allegations further explaining why that is so." *Id.* at *2.

The *Dynamic Data* court held that the plaintiff's allegations failed to state a claim for willful or indirect infringement because the complaint did "not contain plausible allegations that Google would then have known that *it was infringing* each of the patents-in-suit." *Id.* In particular, the court noted that the complaint did "not articulate why, in the absence of having received a pre-suit notice letter explaining why the accused products infringed the patents-in-suit, Google would have nevertheless understood (prior to being served with the Complaint) that such infringement had been occurring." *Id.* That same reasoning applies with even greater force here, where, unlike the plaintiff in *Dynamic Data*, Dialect does not even allege that it sent any pre-suit communications to Google at all and points only to citations to the Asserted Patents or patent applications in the same family and Google's general "technical expertise" in the industry. The Court should dismiss Dialect's indirect and willful infringement claims.

### 3. Dialect's Allegation Of Post-Suit Knowledge Does Not Salvage Its Claims For Indirect And Willful Infringement.

Dialect alleges that the filing of the Complaint itself is sufficient to constitute notice of the Asserted Patents and alleged infringement. *See, e.g.*, D.I. 1 ¶ 76 ("At a minimum, [Google] has knowledge of the '209 Patent at least as of the filing of this Complaint."). That is incorrect. As many courts in this District have held, "the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement and willfulness-based enhanced damages." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 250 (D. Del. 2021).[3] Judge Connolly's reasoning in *ZapFraud* is sound. "The purpose of a complaint is to obtain relief from an existing claim and not to create a claim." *Id.* at 251. By denying enhanced damages based on the filing of a suit, courts promote pre-suit notice, out-of-court dispute resolution, and judicial economy. *Id.*

In addition, although courts have taken different views on whether a complaint can ever satisfy the knowledge requirement for indirect and willful infringement,[4] it is clear that a complaint

---

[3] *See also iFIT Inc. v. Peloton Interactive, Inc.*, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022); *Dynamic Data Techs.v. Brightcove Inc.*, 2020 WL 4192613, at *3 (D. Del. July 20, 2020); *Helios Streaming, LLC v. Vudu, Inc.*, 2020 WL 3167641, at *2 (D. Del. June 15, 2020); *VLSI Tech.*, 2019 WL 1349468, at *2; *Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *11–12 (D. Del. May 29, 2018); *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009); *see also, e.g., Ravgen, Inc. v. Quest Diagnostics Inc.*, 2022 WL 2047613, at *3 (C.D. Cal. Jan. 18, 2022); *Kaufman v. Microsoft Corp.*, 2020 WL 364136, at *4 (S.D.N.Y. Jan. 22, 2020); *NetFuel, Inc. v. Cisco Sys., Inc.*, 2018 WL 4510737, at *3 (N.D. Cal. Sept. 18, 2018); *Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, 2017 WL 3469535, at *3 (N.D. Ga. Apr. 6, 2017); *Adidas Am., Inc. v. Skechers USA, Inc.*, 2017 WL 2543811, at *4 (D. Or. June 12, 2017).

[4] Compare *ZapFraud*, 528 F. Supp. 3d at 252 (concluding that, for purposes of enhanced damages, knowledge cannot be derived solely from the "complaint or a prior version of the complaint filed in the same lawsuit"); with *Wrinkl, Inc. v. Facebook*, 2021 WL 4477022, at *6-7 (D. Del. Sept. 30, 2021) ("I think the plaintiff should be allowed to amend a complaint to allege knowledge since the filing of the original complaint."); and Memorandum Order, *Torchlight Tech. LLC v. Daimler AG, et al.*, C.A. No. 22-751-GBW (D. Del. Feb. 2, 2023) (granting motion for leave to amend second amended complaint to add a claim for willful infringement based on notice provided in the original complaint). For the reasons stated above, Google respectfully believes that

cannot simultaneously serve as notice of infringement and allege indirect and willful infringement based on knowledge conferred by that same complaint. That is so because "if a patentee wishes to successfully plead a claim of willful infringement, the patentee needs to be able to allege that some form of willfully infringing conduct has occurred *as of the time* it files its claim." *See Välinge Innovation*, 2018 WL 2411218, at *11 (emphasis added). Thus, even courts that allow a complaint to serve as notice of claimed infringement recognize that the original complaint cannot confer knowledge pre-dating the filing of the complaint, and that a plaintiff seeking to claim post-filing indirect or willful infringement based on notice provided by the original complaint would need to file an amended complaint to do so. *See, e.g.*, *Helios Streaming LLC v. Vudu, Inc.*, 2020 WL 2332045, at *4-5 (D. Del. May 11, 2020) (dismissing induced infringement claim where alleged knowledge of infringement came from original complaint, but stating that plaintiff may seek leave to file an amended complaint alleging post-suit inducement based on knowledge derived from original complaint), *report and recommendation adopted in* 2020 WL 3167641 (D. Del. June 15, 2020); *Raygen*, 2022 WL 2047613, at *3 (dismissing willful infringement claim in original complaint without prejudice to plaintiff reasserting claims in an amended complaint). Therefore, to the extent Dialect seeks to claim indirect infringement and enhanced damages based on notice provided by the instant Complaint and Defendant's conduct post-dating the filing of the original Complaint, such claim is improper.

      Where, as here, the Complaint fails plausibly to allege pre- or post-suit knowledge, this Court should dismiss the claims for indirect and willful infringement in their entirety for failure to state a claim.

---

Judge Connolly's reasoning in *ZapFraud* should be adopted and the filing of a complaint should not be permitted to create a claim.

**B.     The Complaint Fails To State A Claim For Contributory Infringement Because It Does Not Identify Any Google Component Especially Adapted For Use In An Infringing Device.**

Dialect's claims for contributory infringement fail for the independent reason that the Complaint fails to identify any component of an infringing product sold or imported by Google. To establish contributory infringement, a plaintiff must plausibly allege that the defendant sold or imported into the United States a component of an infringing product "knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not . . . suitable for substantial noninfringing use." 35 U.S.C. § 271(c).

Dialect fails to identify any component that Google sells or imports into the United States. The Complaint merely recites the elements of Section 271(c) with no factual support. Dialect includes the same rote paragraph for each of the Asserted Patents, alleging only that "on information and belief, [Google sells or imports] components of the patented invention of and/or a material or apparatus for use in practicing at least Claim 1 of the [Asserted] Patent, constituting a material part of the invention." *See, e.g.*, D.I. 1 ¶ 81.

The Complaint's deficient allegations fail to identify *any* of the facts necessary to establish a claim for contributory infringement. Specifically, the Complaint does not identify which, if any, "components of the patented invention" Google allegedly offered for sale or imported; how such components were "especially made or especially adapted for use in an infringement" of the Asserted Patent; how or why Google had knowledge that the component was used for infringement of the Asserted Patent; and why the component was not "suitable for [a] substantial noninfringing use" (a significant omission given that Dialect includes among its Accused Products "smartphones" and "tablets"). Such conclusory statements, unsupported by specific allegations, do not suffice to state a claim for contributory infringement. *See Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012) (affirming dismissal of contributory

10

infringement claim where "complaint falls far short of pleading facts necessary to state a plausible claim for either induced or contributory infringement"); *Bench Walk Lighting LLC v. LG Innotek Co., Ltd.*, 530 F. Supp. 3d 468, 491 (D. Del. 2021) ("Plaintiff's contributory infringement allegations otherwise simply track the legal elements of such a claim, without providing any facts that flush out why it is plausible that those elements are met."); *see also Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) ("[A] plausible claim must do more than merely allege entitlement to relief; it must support the grounds for that entitlement with sufficient factual content."); *Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1128 (Fed. Cir. 2021) (disregarding "rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements").

## VI. CONCLUSION

For the foregoing reasons, Google respectfully request that the Court dismiss Dialect's claims of indirect and willful infringement.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

Zachary M. Briers
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant Google LLC*

June 9, 2023

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 9, 2023, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                                                        *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Garland Stephens, Esquire                                                                 *VIA ELECTRONIC MAIL*
Robert Magee, Esquire
Richard Koehl, Esquire
Jeff Risher, Esquire
BLUE PEAK LAW GROUP LLP
*Attorneys for Plaintiff*


                                                                                                    */s/ Brian P. Egan*
                                                                                                    _____
                                                                                                    Brian P. Egan (#6227)