IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DIALECT, LLC,                          )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )        C.A. No. 23-378 (GBW)
                                       )
GOOGLE LLC,                            )
                                       )
                    Defendant.         )

**OPENING BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

OF COUNSEL:

Zachary M. Briers
Gregory P. Stone
Peter E. Gratzinger
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071
(213) 683-9100

Peter A. Detre
Juliana M. Yee
Evan Mann
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105
(415) 512-4000

Xiaonan April Hu
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, D.C.  20001
(202) 220-1100

July 7, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant Google LLC*

TABLE OF CONTENTS

Page

I.  NATURE AND STAGE OF THE PROCEEDINGS ...........................................................1

II.  SUMMARY OF ARGUMENT ....................................................................................1

III.  STATEMENT OF ALLEGED FACTS.........................................................................2

  A.  The Asserted Patents And Accused Products ..........................................................2

  B.  Allegations Regarding Google's Knowledge Of The Asserted Patents .................3

  C.  Allegations Regarding Google's Knowledge of Infringement ...............................3

  D.  Allegations Regarding Contributory Infringement .................................................4

IV.  LEGAL STANDARD................................................................................................5

V.  ARGUMENT ...........................................................................................................5

  A.  The Complaint Fails To State A Claim For Indirect Or Willful
      Infringement Due To Failure To Meet The Knowledge And Scienter
      Requirements. .........................................................................................................5

    1.  Dialect Fails To Allege Google's Knowledge Of Three Of The
        Asserted Patents. ............................................................................................6

    2.  Dialect Fails To Allege Google's Knowledge Of The Purported
        Infringement Of All Of The Asserted Patents. ...........................................8

    3.  Dialect's Allegation Of Post-Suit Knowledge Does Not Salvage Its
        Claims For Indirect And Willful Infringement.........................................12

VI.  CONCLUSION......................................................................................................16

TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Adidas Am., Inc. v. Skechers USA, Inc.*,
    2017 WL 2543811 (D. Or. June 12, 2017) ...................................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................................5

*Bayer Healthcare LLC v. Baxalta, Inc.*,
    989 F.3d 964 (Fed. Cir. 2021)....................................................................................10, 11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................................5

*Bench Walk Lighting LLC v. LG Innotek Co., Ltd.*,
    530 F. Supp. 3d 468 (D. Del. 2021).................................................................................15

*BillJCo, LLC v. Apple Inc.*,
    583 F. Supp. 3d 769 (W.D. Tex. 2022)..............................................................................9

*Boston Sci. Corp. v. Nevro Corp.*,
    415 F. Supp. 3d 482 (D. Del. 2019)...................................................................................6

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) .........................................................................................15

*Celgene Corp. v. Mylan Pharms. Inc.*,
    17 F.4th 1111 (Fed. Cir. 2021) .......................................................................................15

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
    2012 WL 6968938 (D. Del. July 18, 2012) ......................................................................8

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632 (2015)..........................................................................................................5

*Cooper Lighting, LLC v. Cordelia Lighting, Inc.*,
    2017 WL 3469535 (N.D. Ga. Apr. 6, 2017).....................................................................13

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*,
    2022 WL 16701926 (N.D. Cal. Nov. 3, 2022) ..................................................................7

*Deere & Co. v. AGCO Corp.*,
    2019 WL 668492 (D. Del. Feb. 19, 2019).........................................................................9

*DermaFocus LLC v. Ulthera, Inc.*,
    201 F. Supp. 3d 465 (D. Del. 2016)...................................................................................7

*Dynamic Data Techs.v. Brightcove Inc.*,
    2020 WL 4192613 (D. Del. July 21, 2020) ...................................................................13

*Dynamic Data Techs. v. Google LLC*,
    2020 WL 1285852 (D. Del. Mar. 18, 2020), *report and recommendation*
    *adopted*, 2020 WL 3103786 (D. Del. June 11, 2020)...................................................9, 11, 12

*F45 Training Pty Ltd. v. Body Fit Training USA, Inc.*,
    2022 WL 17177621 (D. Del. Nov. 17, 2022) ........................................................................16

*Fluidigm Corp. v. IONpath, Inc.*,
    2020 WL 408988 (N.D. Cal. Jan. 24, 2020) ...........................................................................9

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009)....................................................................................................5

*Global-Tech Appliances, inc. v. SEB S.A.*,
    563 U.S. 754 (2011) ..............................................................................................................12

*Helios Streaming, LLC v. Vudu, Inc.*,
    2020 WL 2332045 (D. Del. May 11, 2020), *report and recommendation*
    *adopted*, 2020 WL 3167641 (D. Del. June 15, 2020).............................................................6

*Helios Streaming, LLC v. Vudu, Inc.*,
    2020 WL 3167641 (D. Del. June 15, 2020)...........................................................................13

*iFit Inc. v. Peloton Interactive, Inc.*,
    2022 WL 609605 (D. Del. Jan. 28, 2022) .........................................................................7, 13

*Intel Corp. v. Future Link Sys., LLC*,
    2015 WL 649294 (D. Del. Feb. 12, 2015) ............................................................................16

*Jackson v. Seaspine Holdings Corp.*,
    2022 WL 610703 (D. Del. Feb. 14, 2022) .........................................................................7, 8

*Kaufman v. Microsoft Corp.*,
    2020 WL 364136 (S.D.N.Y. Jan. 22, 2020) .........................................................................13

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
    670 F. Supp. 2d 349 (D. Del. 2009).......................................................................................13

*MasterObjects, Inc. v. Amazon.com, Inc.*,
    2021 WL 4685306 (N.D. Cal. Oct. 7, 2021).............................................................6, 9, 11, 12

*Maxell Ltd. v. Apple Inc.*,
    2019 WL 7905455 (E.D. Tex. Oct. 23, 2019) ........................................................................6

*NetFuel, Inc. v. Cisco Sys., Inc.*,
   2018 WL 4510737 (N.D. Cal. Sept. 18, 2018) ....................................................13

*Pontiaki Special Maritime Enter. v. Taleveras Grp.*,
   2016 WL 4497058 (D. Del. Aug. 26, 2016) .......................................................11

*Ravgen, Inc. v. Quest Diagnostics Inc.*,
   2022 WL 2047613 (C.D. Cal. Jan. 18, 2022) ....................................................13

*Robocast, Inc. v. Microsoft Corp.*,
   21 F. Supp. 3d 320 (D. Del. 2014)......................................................................7

*Shopify Inc. v. Express Mobile, Inc.*,
   2021 WL 4288113 (D. Del. Sept. 21, 2021) ......................................................11

*Software Rsch., Inc. v. Dynatrace LLC*,
   316 F. Supp. 3d 1112 (N.D. Cal. 2018) ..............................................................6

*Sonos, Inc. v. Google LLC*,
   591 F. Supp. 3d 638 (N.D. Cal. 2022) ................................................................8

*State Indus., Inc. v. A.O. Smith Corp.*,
   751 F.2d 1226 (Fed. Cir. 1985).......................................................................6, 9

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
   700 F.3d 1287 (Fed. Cir. 2012).........................................................................14

*Torchlight Tech. LLC v. Daimler AG, et al.*,
   C.A. No. 22-751-GBW, Dkt. 95 (D. Del. Feb. 2, 2023).....................................14

*Välinge Innovation AB v. Halstead New England Corp.*,
   2018 WL 2411218 (D. Del. May 29, 2018).......................................................13

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
   2012 WL 1831543 (N.D. Cal. May 18, 2012) .....................................................8

*Via Vadis, LLC v. Skype, Inc.*,
   2012 WL 261367 (D. Del. Jan. 27, 2012)..........................................................11

*VLSI Tech. LLC v. Intel Corp.*,
   2019 WL 1349468 (D. Del. Mar. 26, 2019) ...................................................6, 13

*Wrinkl, Inc. v. Facebook, Inc.*,
   2021 WL 4477022 (D. Del. Sept. 30, 2021) ......................................................13

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   528 F. Supp. 3d 247 (D. Del. 2021)..............................................................13, 14

**FEDERAL STATUTES**

35 U.S.C. § 101 ................................................................................................................................3

35 U.S.C. § 271(c) ......................................................................................................................14, 15

## I.     NATURE AND STAGE OF THE PROCEEDINGS

On April 3, 2023, Dialect, LLC ("Dialect") filed a complaint against Google LLC ("Google") and its parent Alphabet Inc., alleging that Google directly, indirectly, and willfully infringed various claims of eight related patents (the "Asserted Patents").[1] D.I. 1. On June 9, 2023, the Parties filed a stipulation dismissing Defendant Alphabet without prejudice. D.I. 8.  Following the filing of Google's Motion to Dismiss the original complaint (D.I. 9, 10), Dialect filed an amended complaint ("Amended Complaint") against Google on June 23, 2023. D.I. 14.

## II.    SUMMARY OF ARGUMENT

After Google moved to dismiss the initial complaint, Dialect filed an Amended Complaint attempting to address the identified defects. Its efforts fell short: the Amended Complaint fails to state a claim for induced, contributory, or willful infringement, each of which requires not only that Dialect plausibly allege that Google had knowledge of the Asserted Patents, but also that Google had knowledge of its purported infringement of those patents.

The Amended Complaint now alleges that the initial assignee of the Asserted Patents, VoiceBox Technologies ("VoiceBox"), informed Google of the existence of five of the eight Asserted Patents. The Amended Complaint further alleges that VoiceBox informed Google of *patent applications* which ultimately led to two of the other Asserted Patents. Well-established case law holds that it is not reasonable to infer knowledge of a *patent* from mere notice of its application. With respect to the final patent, Dialect does not allege that Google was informed of the patent application, but only that Google was informed of an application for another patent in

---

[1] The Asserted Patents are U.S. Patent Nos. 7,398,209 ("'209 Patent"); 7,502,738 ("'738 Patent"); 7,640,160 ("'160 Patent"); 7,693,720 ("'720 Patent"); 8,015,006 ("'006 Patent"); 8,447,607 ("'607 Patent"); 8,849,652 ("'652 Patent"); and 9,031,845 ("'845 Patent").

the same family. Knowledge of a patent family application does not establish knowledge of the patent. These allegations are insufficient to establish knowledge of three of the Asserted Patents.

Nor does knowledge of the patent suffice to establish knowledge of infringement. Dialect's Amended Complaint fails plausibly to allege that Google was aware of the purported infringement of any of the eight Asserted Patents. Dialect does not allege that Google ever received notice from anyone alleging that it had infringed any of the Asserted Patents or, indeed, "*how* or *why*" its products infringed any of the Asserted Patents. Instead, Dialect vaguely asserts that Google developed its products "in light of" its review of the Asserted Patents. In addition to being wholly speculative, this assertion is nothing more than an attempt to reframe knowledge of the patents as an inference of knowledge of infringement. Knowledge of the patent cannot support an allegation of knowledge infringement; the complaint must plausibly allege the defendant's knowledge of *how* or *why* the accused products specifically infringe.

Dialect's claim for contributory infringement also fails for the independent reason that the Amended Complaint continues to allege in a conclusory fashion that a component sold or imported by Google was especially made or adapted for use in infringing the Asserted Patents. The Amended Complaint's identification of generic components, such as "solid state memory and/or processors," reinforces the conclusion that it has not plausibly identified any component lacking a substantial non-infringing use and cannot do so.

## III.     STATEMENT OF ALLEGED FACTS

### A.     The Asserted Patents And Accused Products

Each of the eight Asserted Patents relates to "systems and methods for receiving natural language queries and/or commands" and "parsing and interpreting the natural language query."

D.I. 14 ¶ 13. As alleged in the Complaint, the Asserted Patents describe "a machine's ability to communicate with humans in a natural manner." *Id.*[2]

Dialect alleges that Google makes and sells various digital assistant products, including the "Google Assistant Platform," which Dialect says infringe the Asserted Patents. *Id.* ¶ 53. Dialect alleges that the accused products infringe because they are capable of "respon[ding] to a user generated natural language speech utterance." *Id.* ¶¶ 60, 98, 160, 194, 235, 272, 305.

### B.    Allegations Regarding Google's Knowledge Of The Asserted Patents

In an attempt to cure the deficiencies in its initial complaint, Dialect newly alleges that on August 22, 2012, VoiceBox provided notice to Google of five of the eight Asserted Patents: the '209, '006, '738, '720, and '160 Patents. *Id.* ¶ 46. With respect to two of the Asserted Patents— the '607 and '845 Patents—Dialect alleges only that VoiceBox notified Google of patent applications, which applications ultimately led to the issuance of those patents. *Id.* ¶ 46. Dialect also alleges that Google cited the '607 Patent in a Google patent application, *id.* ¶ 46, and that a patent examiner cited a family member of the '845 Patent during prosecution of one of Google's patent applications, *id.* ¶ 321.

With respect to the final Asserted Patent—the '652 Patent—Dialect alleges that VoiceBox disclosed to Google the application for a different patent, the '607 Patent, "to which the '652 Patent claims priority." *Id.* ¶¶ 46-47, 284. It also alleges that the '652 Patent was cited by a patent examiner during the prosecution of one of Google's patent applications. *Id.* ¶ 284.

### C.    Allegations Regarding Google's Knowledge of Infringement

Dialect does not allege that Google was aware of the purported infringement of the Asserted Patents. Rather, Dialect alleges only that Google "should have known" that its actions

---

[2] The Asserted Patents claim a patent-ineligible abstract idea and are therefore invalid under 35 U.S.C. § 101. Google intends to file a dispositive motion early in this litigation on this basis.

constituted infringement because it "has the technical expertise to understand the scope and content of" the Asserted Patents and "is a major provider of voice recognition products and services." D.I. 14 ¶¶ 81, 110, 143, 174, 217, 252, 285, 322.

Dialect's Amended Complaint also includes allegations regarding the timing of VoiceBox's disclosure of five of the Asserted Patents and the alleged timing of Google's development of the Google Assistant Platform. It alleges that Google informed VoiceBox in December 2011 that "Google was investing heavily in the same technologies as those that had been developed by VoiceBox," and that after VoiceBox disclosed five of the Asserted Patents to Google, "Google affirmatively chose not to obtain a license." *Id.* ¶¶ 48, 50. Dialect further alleges that, "[o]n information and belief, Google developed its Google Assistant Platform in light of the knowledge it gained from its specific review of the Asserted Patents." *Id.* ¶ 51.

### D.    Allegations Regarding Contributory Infringement

With respect to contributory infringement, Dialect includes the same rote paragraph for each of the Asserted Patents, alleging only that "on information and belief, [Google sells or imports] components of the patented invention of and/or a material or apparatus for use in practicing at least Claim 1 of the [Asserted] Patent, constituting a material part of the invention." *See, e.g.*, D.I. 14 ¶ 86. In its initial motion to dismiss, Google noted that Dialect's contributory infringement allegations merely recite the elements of contributory infringement in a conclusory fashion. D.I. 1 10-11. In an apparent effort to address this deficiency, the Amended Complaint added a single sentence, which states: "For example, Google sells, offers to sell, and/or imports solid state memory and/or processors containing the specific routines to execute the patented methods. These components were specifically adapted for infringement and have no substantial noninfringing uses." D.I. 14 ¶¶ 86, 115, 148, 179, 222, 257.

4

IV.     **LEGAL STANDARD**

To survive a motion to dismiss, a complaint must state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] pleading offering only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice to state a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

V.      **ARGUMENT**

A.     **The Complaint Fails To State A Claim For Indirect Or Willful Infringement Due To Failure To Meet The Knowledge And Scienter Requirements.**

Dialect fails to state a claim for either type of indirect infringement—contributory or induced infringement—because it does not plausibly allege either that (1) Google had pre-suit knowledge of three of the eight Asserted Patents, or (2) that Google was aware that its actions constituted infringement of any of the Asserted Patents. To plead a claim of indirect infringement, a plaintiff must plausibly allege both elements. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 640 (2015) (holding that liability for induced infringement, like contributory infringement, requires proof that "the defendant knew of the patent" and knew as well that "the induced acts constitute patent infringement").

Dialect fails to state a claim for willful infringement for the same reason: to state a claim of willfulness, a plaintiff must plausibly allege both that the defendant knew of each asserted patent and that defendant knew or was willfully blind to the fact that its conduct infringed each asserted

patent. *See, e.g.*, *Boston Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 495 (D. Del. 2019); *VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468, at *1 (D. Del. Mar. 26, 2019).

        **1.**        **Dialect Fails To Allege Google's Knowledge Of Three Of The Asserted Patents.**

Dialect's Amended Complaint does not plausibly allege that Google had knowledge of the '607, '845, and '652 Patents, which were not alleged to have been identified in the communication allegedly sent by VoiceBox in 2012.

With respect to the '607 Patent and the '845 Patent, Dialect concedes Google was never notified of those patents, alleging only that VoiceBox notified Google of pending patent applications, which ultimately resulted in those patents. It is well-established that "a patent application does not provide notice of the resulting patent for indirect . . . infringement." *Helios Streaming, LLC v. Vudu, Inc.*, 2020 WL 2332045, at *3 (D. Del. May 11, 2020) (concluding that a letter identifying the patent application which led to the issuance of the patent in suit did not suffice to establish knowledge of the patent), *report and recommendation adopted*, 2020 WL 3167641 (D. Del. June 15, 2020).[3] The reason for this is simple: "Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). Thus, notice of the patent applications for the '607 and '845 Patents does not suffice to establish knowledge of either patent.

---

[3] *See also MasterObjects, Inc. v. Amazon.com, Inc.*, 2021 WL 4685306, at *4 (N.D. Cal. Oct. 7, 2021) ("[D]istrict courts have held, albeit it at different procedural postures, that citing a patent application in an IDS does not establish knowledge of the issued patent."); *Maxell Ltd. v. Apple Inc.*, 2019 WL 7905455, at *5 (E.D. Tex. Oct. 23, 2019) ("Knowledge of a patent application alone is insufficient to demonstrate knowledge of the later issued patent"); *Software Rsch., Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112, 1133 (N.D. Cal. 2018) ("A patent application does not provide notice of the resulting patent for indirect or willful infringement.").

Dialect also points (unsuccessfully) to the patent prosecution history of the '607 and '652 Patents, as well as Google's alleged knowledge of family members of those patents. The Amended Complaint alleges that Google cited to the '607 Patent in a Google patent application, *id.* ¶ 46, and that a patent examiner cited a family member of the '845 Patent during the prosecution of one of Google's patent applications, *id.* ¶ 321. Likewise, with respect to the third patent, Dialect alleges that the '652 Patent was cited by a patent examiner during the prosecution of one of Google's patent applications. *Id.* ¶ 284. It further alleges that it disclosed to Google the patent application for a *family member* of the '652 Patent when it disclosed the '607 Patent application, a patent "to which the '652 Patent claims priority." *Id.* ¶¶ 46-47, 284. These allegations do not suffice to establish knowledge either.[4]

When patents are cited during prosecution-related activities, "the scant citation alone to the patents-in-suit do[es] not establish specific knowledge of such patents." *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, 2022 WL 16701926, at *5 (N.D. Cal. Nov. 3, 2022). That is because "[d]uring patent prosecution, patentees are incentivized to broadly search for and report relevant citations to the patent examiner pursuant to their duty of candor." *Id.* It does not follow that Google would have "specific knowledge of the substance of each and every patent cited during patent prosecution." *Id.*; *see also DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 471 (D. Del. 2016) (holding disclosure of asserted patent in an Information Disclosure Statement for

---

[4] *See also iFit Inc. v. Peloton Interactive, Inc.*, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022) ("Knowledge of a patent application alone, however, is not enough to establish knowledge of the patent(s) that issued from that application and therefore not enough to establish willfulness."); *Jackson v. Seaspine Holdings Corp.*, 2022 WL 610703, at *5 (D. Del. Feb. 14, 2022) (defendant's actual knowledge of patent did not establish knowledge of patent in suit that was a continuation of that patent: "These allegations are insufficient to support an inference of actual knowledge of the patents, let alone knowledge of infringement"); *Robocast, Inc. v. Microsoft Corp.*, 21 F. Supp. 3d 320, 335-36 (D. Del. 2014) (concluding that "even if [the defendant] knew the patent application number, it would not form a basis for a finding of willfulness").

another patent for which company founder was listed as inventor insufficient to establish knowledge); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) (holding allegations not sufficient to show actual knowledge where a patent examiner asserted that the patent-in-suit was prior art to three of defendant's patent applications).

Courts have similarly rejected attempts by plaintiffs to plead willful infringement on the basis that the defendant "had knowledge of a patent related to the patent-in-suit." *Jackson*, 2022 WL 610703, at *5; *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022) ("Mere knowledge of a 'patent family' or the plaintiff's 'patent portfolio' is not enough."). "The requisite knowledge of a patent allegedly infringed simply cannot be inferred from mere knowledge of *other* patents, even if somewhat similar." *Vasudevan Software, Inc. v. TIBCO Software Inc.*, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012). That principle applies with even greater force here, where Dialect alleges that, at most, Google had knowledge of a patent application (not even a patent) for a patent family member that predated the '652 Patent.

Dialect's claims for indirect and willful infringement as to the '607, '845, and '652 Patents should be dismissed because the Amended Complaint fails to plausibly allege that Google had pre-suit knowledge of those Asserted Patents.

### 2. Dialect Fails To Allege Google's Knowledge Of The Purported Infringement Of All Of The Asserted Patents.

Dialect's claims for indirect and willful infringement should be dismissed because the Amended Complaint fails plausibly to allege that Google knew or was willfully blind to the fact that it was allegedly infringing any of the Asserted Patents.

Having now alleged notice to Google of five of the eight Asserted Patents, Dialect attempts to bootstrap its way to knowledge of *infringement* merely by reiterating its arguments regarding

knowledge of the patents.[5] But "[m]ere knowledge of the Asserted Patents is not enough" to establish knowledge of infringement. *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 777 (W.D. Tex. 2022); *see also Deere & Co. v. AGCO Corp.*, 2019 WL 668492, at *4 (D. Del. Feb. 19, 2019).

The Amended Complaint does not allege that Google ever received notice that its conduct purportedly infringed any of the Asserted Patents. Nor does it allege that Google was given any explanation of "*how* or *why*" its products allegedly infringed any of the Asserted Patents. *MasterObjects, Inc. v. Amazon.com, Inc.*, 2021 WL 4685306, at *5 (N.D. Cal. Oct. 7, 2021). In *Dynamic Data Techs. v. Google LLC*, the Court dismissed a plaintiff's claim for willful and indirect infringement because the complaint did "not articulate why, in the absence of having received a pre-suit notice letter explaining why the accused products infringed the patents-in-suit, Google would have nevertheless understood (prior to being served with the Complaint) that such infringement had been occurring" even if it had prior knowledge of the patents-in-suit. 2020 WL 1285852, at *2 (D. Del. Mar. 18, 2020), *report and recommendation adopted*, 2020 WL 3103786 (D. Del. June 11, 2020). This Court should do the same. *Id.*; *see also Deere*, 2019 WL 668492, at *6 (dismissing claim for willful infringement because the amended complaint did not allege that plaintiff identified the infringing products in its communications to the defendant, "let alone explain[] how" they infringed); *Fluidigm Corp. v. IONpath, Inc.*, 2020 WL 408988, at *5 (N.D. Cal. Jan. 24, 2020) ("The complaint does not plausibly allege . . . knowledge *of infringement*. . . . [T]he complaint never alleges that the letter accused defendant of infringement, much less detailed *how* defendants allegedly infringed." (emphasis in original)).

---

[5] With respect to three Asserted Patents for which Dialect fails to establish knowledge of the *patent* (the '652, '607, and '845 Patents), the Amended Complaint's allegations are plainly insufficient to establish actual knowledge of *infringement*. *See State Indus.*, 751 F.2d at 1236 ("To willfully infringe a patent, the patent must exist and one must have knowledge of it.").

The Amended Complaint's vague allegations, on information and belief, that Google invested in the same technologies as VoiceBox (D.I. 14 ¶ 48), "developed its Google Assistant Platform in light of the knowledge it gained from its specific review of the Asserted Patents" (*id.* ¶ 51), and had the "technical expertise" to understand the scope of the patents (*see, e.g.*, *id.* ¶ 81), do not plausibly allege knowledge of infringement. In *Bayer Healthcare LLC v. Baxalta, Inc.*, 989 F.3d 964 (Fed. Cir. 2021), the Federal Circuit affirmed the district court's grant of judgment as a matter of law to the defendant on the plaintiff's claim of willful infringement even though there was "no dispute" that the defendant was aware of the asserted patent and had worked on the same technology that was covered by the patent. *Id.* at 987. The plaintiff argued that the defendant must have known it was infringing the asserted patent because the defendant knew about the patent, "consciously redirected its own research to [use the patented technology] after learning about [the plaintiff's] invention," and possessed relevant technical expertise. *Id.* at 988. Even accepting the plaintiff's evidence as true and "weighing all inferences in [the plaintiff's] favor," the Federal Circuit concluded that this evidence was *legally insufficient* to establish willful infringement. *Id.* at 987–88. The Federal Circuit explained that the plaintiff's evidence "merely demonstrates [the defendant's] knowledge of the [asserted] patent and . . . direct infringement of the asserted claims." *Id.* at 988. Indeed, the Court cautioned that "[k]nowledge of the asserted patent and evidence of infringement is necessary, *but not sufficient*, for a finding of willfulness," *id.* (emphasis added), and emphasized that the former is not interchangeable with the latter.

Just like the plaintiff in *Bayer* did, Dialect asks this Court to assume knowledge of infringement because the Amended Complaint alleges that Google was aware of five of the Asserted Patents, possessed the know-how to understand the patents, and (on information and belief) developed a product "in light of" its learning from the patents. *Bayer* and other cases like

*MasterObjects* and *Dynamic Data* make clear that evidence of such conduct is not sufficient to establish knowledge of infringement. And, indeed, at the motion to dismiss stage, drawing an inference that infringement was intentional from the ambiguous and conclusory allegations in the Amended Complaint would be wholly speculative. *See Via Vadis, LLC v. Skype, Inc.*, 2012 WL 261367, at *1-2 (D. Del. Jan. 27, 2012) (granting motion to dismiss where allegations were "based on information and belief," used "conclusory language asserting . . . that the infringement was intentional," and did not "specify[] what actions Defendants took that would warrant a conclusion that the infringement was willful or intentional"); *see also Pontiaki Special Maritime Enter. v. Taleveras Grp.*, 2016 WL 4497058, at *3 (D. Del. Aug. 26, 2016) ("A plaintiff may plead based on information and belief . . . so long as there are no boilerplate and conclusory allegations and plaintiffs . . . accompany their legal theory with factual allegations that make their theoretically viable claim plausible.").

Dialect cannot avoid the requirement that it plausibly allege knowledge of infringement simply because VoiceBox's alleged 2012 correspondence predated the launch of the Accused Products. Significantly, the Amended Complaint does not allege that VoiceBox or Dialect ever notified Google of any belief that Google was infringing the Asserted Patents, including after the introduction of the Google Assistant Platform, alleged to have occurred in 2016. *See* D.I. 14 ¶ 45. The failure to send any such communication or notice letter is fatal to Dialect's claims. *See, e.g.*, *Shopify Inc. v. Express Mobile, Inc.*, 2021 WL 4288113, at *20 (D. Del. Sept. 21, 2021) (granting plaintiff summary judgment on defendant's counterclaim of willful infringement where evidence showed the defendant's letter notifying the plaintiff of its patents—sent before the plaintiff "continued to add accused functionality to its accused . . . website builder"—"did not reference infringement by [the plaintiff] and did not include any claim charts"); *see also MasterObjects*,

2021 WL 4685306, at *7 ("The failure to send . . . a [notice] letter, which is easy to do, has to be emphasized. It wastes the resources of the parties in drafting motions analyzing the willfulness claims and wastes the resources of the Court."); *Dynamic Data*, 2020 WL 1285852, at *2.

The Amended Complaint also does not sufficiently or plausibly allege willful blindness with respect to any of the Asserted Patents. To show willful blindness, a plaintiff must demonstrate that the defendant (1) subjectively believed that "there is a high probability" of infringement, and (2) took "deliberate actions to avoid learning of that fact." *Global-Tech Appliances, inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). Although the Amended Complaint conclusorily alleges that Google was "willfully blind to the infringement," D.I. 14 ¶ 84, it does not allege that Google took any action, let alone "deliberate actions," "to avoid confirming" infringement. *Global-Tech Appliances*, 563 U.S. at 769. The Amended Complaint likewise does not allege any facts tending to show that Google had a subjective belief that "there is a high probability" of infringement associated with the Asserted Patents. *Id.*

Because Dialect fails plausibly to allege either actual knowledge or willful blindness of the purported infringement, its claims for indirect and willful infringement should be dismissed.

### 3. Dialect's Allegation Of Post-Suit Knowledge Does Not Salvage Its Claims For Indirect And Willful Infringement.

Dialect alleges that the filing of the Complaint itself is sufficient to constitute notice of the Asserted Patents and alleged infringement. *See, e.g.*, D.I. 14 ¶ 81 ("Google had notice of its infringement of the [patent-in-suit] at least as of the filing of the initial Complaint . . . ."). As other courts in this District have held, however, "the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement and willfulness-based enhanced

damages." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 250 (D. Del. 2021).[6] Judge Connolly's reasoning in *ZapFraud* is sound. "The purpose of a complaint is to obtain relief from an existing claim and not to create a claim." *Id.* at 251. By denying enhanced damages based on the filing of a suit, courts promote pre-suit notice, out-of-court dispute resolution, and judicial economy. *Id.* If an initial complaint is sufficient to establish knowledge of infringement, then a plaintiff could effectively allege knowledge for indirect and willful infringement in every patent case. *See Wrinkl, Inc. v. Facebook, Inc.*, 2021 WL 4477022, at *6 (D. Del. Sept. 30, 2021).

Google acknowledges that courts have taken different views on whether an amended complaint alleging post-suit knowledge of infringement based on the initial complaint can satisfy the knowledge requirement for indirect and willful infringement. *Compare ZapFraud*, 528 F. Supp. 3d at 252 (concluding that, for purposes of enhanced damages, knowledge cannot be derived solely from the "complaint or a prior version of the complaint filed in the same lawsuit"); *with Wrinkl, Inc. v. Facebook*, 2021 WL 4477022, at *6-7 (D. Del. Sept. 30, 2021) (concluding that, for indirect infringement, "the plaintiff should be allowed to amend a complaint to allege knowledge since the filing of the original complaint," but for willful infringement, an amended complaint is not sufficient to allege knowledge); *and* Memorandum Order, *Torchlight Tech. LLC v. Daimler AG, et al.*, C.A. No. 22-751-GBW, Dkt. 95 (D. Del. Feb. 2, 2023) (granting motion for

---

[6] *See also iFIT Inc. v. Peloton Interactive, Inc.*, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022); *Dynamic Data Techs.v. Brightcove Inc.*, 2020 WL 4192613, at *3 (D. Del. July 21, 2020); *Helios Streaming, LLC v. Vudu, Inc.*, 2020 WL 3167641, at *2 (D. Del. June 15, 2020); *VLSI Tech. v. Intel Corp.*, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019); *Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *11–12 (D. Del. May 29, 2018); *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009); *see also, e.g., Ravgen, Inc. v. Quest Diagnostics Inc.*, 2022 WL 2047613, at *3 (C.D. Cal. Jan. 18, 2022); *Kaufman v. Microsoft Corp.*, 2020 WL 364136, at *4 (S.D.N.Y. Jan. 22, 2020); *NetFuel, Inc. v. Cisco Sys., Inc.*, 2018 WL 4510737, at *3 (N.D. Cal. Sept. 18, 2018); *Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, 2017 WL 3469535, at *3 (N.D. Ga. Apr. 6, 2017); *Adidas Am., Inc. v. Skechers USA, Inc.*, 2017 WL 2543811, at *4 (D. Or. June 12, 2017).

leave to amend second amended complaint to add a claim for willful infringement based on notice provided in the original complaint). For the reasons stated above, however, Google respectfully believes that Judge Connolly's reasoning in *ZapFraud* should be adopted and the filing of a complaint should not be permitted to create a claim.

Where, as here, the Complaint fails plausibly to allege pre- or post-suit knowledge, this Court should dismiss the claims for indirect and willful infringement in their entirety for failure to state a claim. At most, in the event the Court concludes that knowledge is conferred by the initial complaint, it should order that Dialect's claims for indirect and willful infringement are limited to Google's conduct post-dating the filing of the initial complaint.

### A. The Complaint Fails To State A Claim For Contributory Infringement Because It Does Not Plausibly Identify Any Component Especially Adapted For Use In An Infringing Device.

To establish contributory infringement, a plaintiff must plausibly allege that the defendant sold or imported a component of an infringing product "knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not . . . suitable for substantial noninfringing use." 35 U.S.C. § 271(c). Dialect's claim for contributory infringement fails for the independent reason that the Amended Complaint merely recites the elements of Section 271(c), with no factual support, and fails to identify any specific component of an infringing product sold or imported by Google that has no substantial noninfringing use.

Dialect's contributory infringement allegations comprise only conclusory statements unsupported by specific allegations. *See Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1296 (Fed. Cir. 2012) (affirming dismissal of contributory infringement claim where "complaint falls far short of pleading facts necessary to state a plausible claim for either induced or contributory infringement"); *Bench Walk Lighting LLC v. LG Innotek Co., Ltd.*, 530 F. Supp. 3d 468, 491 (D. Del. 2021) ("Plaintiff's contributory infringement allegations otherwise

simply track the legal elements of such a claim, without providing any facts that flush out why it is plausible that those elements are met."). Such cursory allegations should be disregarded. *See, e.g.*, *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) ("[A] plausible claim must do more than merely allege entitlement to relief; it must support the grounds for that entitlement with sufficient factual content."); *Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1128 (Fed. Cir. 2021) (disregarding "rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements").

Although Dialect amended its allegations regarding contributory infringement to add the following "example" component: "solid state memory and/or processors containing the specific routines to execute the patented methods," D.I. 14 ¶ 86, that allegation falls far short of stating a claim for contributory infringement. The mere recitation of generic "solid state memory" and "processors"—conventional and general-purpose hardware components present in virtually every modern electronic device—does not come close to adequately identifying a component that is "especially made or especially adapted for use in an infringement of such patent." 35 U.S.C. § 271(c). Indeed, the Amended Complaint does not even attempt to identify which "specific routines" the memory or processors contain, nor which "patented methods" those routines execute. Nor does it identify facts showing how or why Google had knowledge that the components were used for infringement of the Asserted Patents; or why the components are not suitable for a substantial noninfringing use (it is not plausible to infer that "memory" and "processors" on devices like Pixel phones have no other uses beyond running Google Assistant). In short, the Amended Complaint continues to lack sufficient factual content to support Dialect's claims of contributory infringement.

15

If anything, the new allegation identifying "solid state memory and/or processors" as the relevant components only *confirms* that this Court should dismiss Dialect's contributory infringement claims. Courts readily reject claims for contributory infringement premised on allegations of generic components like "memory" or "processors." *See, e.g.*, *Intel Corp. v. Future Link Sys., LLC*, 2015 WL 649294, at *8 (D. Del. Feb. 12, 2015) (allegations insufficient to support contributory infringement claim where "they do not sufficiently establish that the Intel processors at issue are not 'staple article[s] or commodit[ies] of commerce suitable for substantial noninfringing use."); *F45 Training Pty Ltd. v. Body Fit Training USA, Inc.*, 2022 WL 17177621, at *18 (D. Del. Nov. 17, 2022) ("[G]eneric computer and networking components . . . clearly are 'staple article[s] or commodit[ies] of commerce suitable for substantial noninfringing use."). This Court should do the same.

## VI.   **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court dismiss Dialect's claims of indirect and willful infringement.

OF COUNSEL:

Zachary M. Briers
Gregory P. Stone
Peter E. Gratzinger
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100

Peter A. Detre
Juliana M. Yee
Evan Mann
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
(415) 512-4000

Xiaonan April Hu
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, D.C. 20001
(202) 220-1100

July 7, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 7, 2023, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                 *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Garland Stephens, Esquire                                 *VIA ELECTRONIC MAIL*
Robert Magee, Esquire
Richard Koehl, Esquire
Jeff Risher, Esquire
BLUE PEAK LAW GROUP LLP
3139 W. Holcombe Blvd., PMB 8160
Houston, TX  77025
*Attorneys for Plaintiff*

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)