IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DIALECT, LLC,

        Plaintiff,

v.

GOOGLE, LLC,

        Defendant.

C.A. No. 23-378-GBW

## MEMORANDUM ORDER

Before the Court is Defendant Google LLC's ("Google") Motion to Transfer Venue to the Northern District of California (the "Motion," *see* D.I. 22), which is opposed by Plaintiff Dialect LLC ("Dialect"). *See* D.I. 27. For the reasons explained below, Defendant's Motion is **GRANTED.**

### I.    LEGAL STANDARD

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Courts in the Third Circuit evaluate a motion to transfer under the factors outlined in *Jumara v. State Farm Insurance*, 55 F.3d 873, 879-80 (3d Cir. 1995). *See In re: Howmedica Osteonics Corp*, 867 F.3d 390, 402 (3d Cir. 2017) (citing *Jumara*, 55 F.3d at 879-80). The movant has the burden to establish that the interests favor transfer. *See Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, 126 F. Supp. 3d 430, 436 (D. Del. 2015) (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970)) (citing *Jumara*, 55 F.3d at 879).

The District Court must first decide whether the case could have been brought in the district to which the movant wishes to transfer. *Jumara*, 55 F.3d at 878. If venue would have been proper

1

in that district, the court then weighs whether the public and private interest factors favor transfer, keeping in mind that "'plaintiff's choice of venue should not be lightly disturbed.'" *Id.* at 879 (citations omitted). The private interest factors to consider include:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests [] include[]: [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879–80 (citations omitted). "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte*, 431 F.2d at 25 (cleaned up); *see Ceradyne, Inc. v. RLI Ins. Co.*, 2021 WL 3145171, at *4 (D. Del. July 26, 2021). While the plaintiff's forum choice remains "the most important factor[,]" other factors will influence the transfer decision. *Express Mobile, Inc. v. Web.com Grp., Inc.*, 2020 WL 3971776, at *2 (D. Del. July 14, 2020). "Thus, . . . when a plaintiff . . . has no connection to Delaware . . . other than its choice to sue here and its Delaware incorporation[,] . . . such a plaintiff's choice . . . will not dominate the balancing to the same extent as it otherwise might." *Id.*

## II. DISCUSSION

Google moves to transfer this matter to the United States District Court for the Northern District of California. *See* D.I. 22. Because the Court finds that, on balance, the *Jumara* factors weigh in favor of transferring this case, the Court will grant Google's Motion to Transfer.

2

The Court must first decide whether the case could have been brought in the Northern District of California. *Jumara*, 55 F.3d at 878. Section 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Venue in a patent action is governed by 28 U.S.C. § 1400(b), which provides that an action under the federal patent laws "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Google has submitted a sworn declaration that it is headquartered in Mountain View, California. D.I. 24 ¶ 3. Dialect does not dispute that Google maintains a regular and established place of business in the Northern District of California. Thus, "[Plaintiff] could have filed suit in the Northern District of California." *Williamson v. Google Inc.*, No. CV 14-216-GMS, 2015 WL 13311284, at *1 (D. Del. Mar. 2, 2015).

The Court next turns to the private and public interest factors outlined in *Jumara*.[1]

## A.   Plaintiff's Forum Preference

Dialect is not at home in Delaware, and therefore its choice is "entitled to less deference." *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011). Dialect is incorporated and is headquartered in Texas. D.I. 14 ¶ 3. The inventors are located in Washington State. D.I. 14 ¶ 1 & Ex. 1. Although it does not afford Dialect's choice "paramount consideration," the court nonetheless finds that "some degree of heightened deference" is warranted. *See Ithaca Ventures k.s. v. Nintendo of Am. Inc.*, No. 13–824–GMS, 2014 WL

---

[1] The parties agree that the enforceability of the judgment and the judges' familiarity with applicable state law are neutral. D.I. 27 at 20. Accordingly, the Court does not address these factors.

3

4829027, at *2–3 (D. Del. Sept. 25, 2014) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970)).

### B.  Defendant's Forum Preference

Google prefers to litigate in the Northern District of California because it maintains its principal place of business in Mountain View, California. D.I. 24 ¶ 3. Google has legitimate and rational reasons to prefer litigating at home, so its choice is entitled to some but not overriding deference. *See Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 755 (D. Del. 2012) ("Under Third Circuit law, [a defendant's] preference for an alternative forum is not given the same weight as Plaintiff's preference."). Accordingly, this factor favors transfer.

### C.  Whether the Claims Arose Elsewhere

While this factor is often neutral when the accused infringer operates nationally, the court often takes into account where the infringing products originate—*i.e.*, where they are designed, developed, manufactured, or marketed. *See Ithaca Ventures*, 2014 WL 4829027, at *3. *Linex Techs., Inc. v. Hewlett–Packard Co.*, No. 11–400–GMS, 2013 WL 105323, at *4 (D. Del. Jan. 7, 2013). Google primarily designed and developed the accused products in Mountain View, Google continues to develop and market the accused products from that location, and no relevant conduct is alleged to have taken place in Delaware. D.I. 24 ¶ 6. Therefore, the infringement claims have "deeper roots" in the Northern District of California than in the District of Delaware. *See Linex Techs.*, 2013 WL 105323, at *4. This factor weighs slightly in favor of transfer.

### D.  The Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition

Google is a multi-billion-dollar Delaware corporation that frequently litigates in this District. Any inconvenience to Google is minimal, at best. Nevertheless, given the numerous high-level employees whose work would be disrupted by travel to Delaware and the breadth of

4

accused products in this case, it would be more convenient for Google to litigate in the Northern District of California. D.I. 24 ¶ 7. On the other hand, Dialect is in Texas and will be required to travel regardless of where this action takes place. Dialect has filed cases in the Eastern District of Virginia and the Eastern District of Texas. D.I. 25, Exs. 1 & 2. Dialect can hardly complain about the costs of travel when it has voluntarily spread its cases around the country. Dialect has provided no facts supporting convenience in the District of Delaware, beyond the presumption that Plaintiff's forum choice is convenient. While Dialect's financial resources are unlikely to compare to Google's, the Court finds that litigation in the Northern District of California would be more convenient for the parties. Accordingly, this factor slightly favors transfer.

### E. The Convenience of Witnesses

This factor favors transfer. Under Third Circuit law, the district court is to consider the convenience of witnesses "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879; *see also Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 732 (D. Del. 2012) (noting that this factor applies only insofar as "a witness actually will refuse to testify absent a subpoena"). Notably, party witnesses or witnesses who are employed by a party carry no weight as each party is able and, indeed, obligated to procure the attendance of its own employees for trial. *See MEC Res., LLC v. Apple, Inc.*, 269 F. Supp. 3d 218, 226 (D. Del. 2017).

Google has identified sixteen non-party witnesses outside of Google's control: twelve inventors of the Asserted Patents (all in Washington State), two inventors of significant prior art systems located in the Northern District of California, and two former Google employees located in the Northern District of California who allegedly communicated with the inventors' company in 2008-2012. D.I. 25 ¶¶ 5-8. Four of those witnesses are within the subpoena power of the

5

Northern District of California but not the District of Delaware. Given these witnesses have no current relationship with Google is sufficient to provide "some reason to believe that they would refuse to testify." *Williamson v. Google Inc.*, No. CV 14-216-GMS, 2015 WL 13311284, at *2 (D. Del. Mar. 2, 2015) ("Google need not prove that its identified witnesses may actually be unavailable for trial in Delaware. It is enough that likely witnesses reside beyond the court's subpoena power and that there is reason to believe that those witnesses will refuse to testify absent subpoena power.") (internal quotations omitted). For the inventors living in Washington, while they are not within the subpoena power of either district, trial in Northern California would likely be significantly more convenient than trial in Delaware. Thus, this factor favors transfer.

### F.   The Location of Books and Records

The location of relevant documents favors transfer, although this factor is accorded little weight. In infringement cases, most of the relevant documents come from the alleged infringer. *See, e.g., Intell. Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 485 (D. Del. 2011) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). More relevant documents are likely present at Google's California headquarters than are present in Delaware. D.I. 24 ¶ 9. While the location of Google's records therefore favors transfer, "technological advances . . . have significantly reduced the burden of transferring evidence, and, consequently, have greatly diminished this as a factor in a transfer analysis." *Intell. Ventures I*, 797 F. Supp. 2d at 485. Google also has failed to demonstrate that the relevant files and documents "could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879. Thus, although this factor favors transfer, it is given little weight.

6

### G. Practical Considerations

The only public cost that either party identifies is the location of non-party witnesses, which is redundant with the Court's analysis of travel costs under the "convenience of witnesses" factor. *See Wiremed Tech LLC v. Adobe Inc.*, C.A. No. 18-1066, 2019 WL 2250643, at *5 (D. Del. May 24, 2019) (refusing to "double-count" arguments as to convenience of witnesses under the practical considerations factor). Accordingly, there is no broader public benefit to litigating in the District of Delaware versus the Northern District of California. Thus, this factor is neutral.

### H. Relative Administrative Difficulties Due to Court Congestion

This factor favors transfer. According to the most recent data provided by the United States Courts, the weighted case filings per active judgeship in this District between April 1, 2022 and March 31, 2023 were 741. *See U.S. District Courts—Combined Civil and Criminal Federal Court Management Statistics (March 31, 2023)*, Admin. Off. Of The U.S. Cts., https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2023.pdf. By comparison, the weighted case filings per active judgeship in the Northern District of California for that period were 555, while the national weighted case filings per active judgeship was 579. *Id.* The patent case load disparity is also substantial: there are currently 794 pending patent cases in the District of Delaware, compared to 251 in the Northern District of California. These 794 patent cases are distributed across four (4) active Article III judges, one (1) senior judge, and five (5) magistrate judges, as compared to the Northern District of California's fourteen (14) active Article III judges, ten (10) senior judges, and thirteen (13) magistrate judges. Accordingly, this factor weighs in favor of transfer. *Cf. Allen Med. Sys., Inc. v. Mizuho Orthopedic Sys., Inc.*, 2022 WL 1046258, at *3 (D. Del. Apr. 7, 2022) (finding that the court congestion factor supported transferring a patent infringement action to the Northern District of California).

I. **Local Interest in Deciding Local Controversies at Home**

The local interest factor in patent cases is typically neutral because "patent issues do not give rise to a local controversy or implicate local interests." *Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 486 (D. Del. 2011). The Court is not convinced that either district has a local interest in this case.

J. **Public Policies of the Fora**

This factor is neutral, as there is no reason to believe that states would apply differing public policy considerations in the application of federal patent law. *Dermansky v. Young Turks Inc.*, 2023 WL 4351340, at *2 (D. Del. July 5, 2023).

K. **Summary of *Jumara* Factors**

In sum, of the twelve *Jumara* factors, six weigh in favor of transfer, one weighs against transfer, and five are neutral. Considered in their totality, the factors weigh strongly in favor of transferring this action to the Northern District of California. Thus, a transfer of the case is warranted under § 1404(a).

III. **CONCLUSION**

For the above reasons, the Court grants Defendant's Motion to Transfer Venue of this case to the Northern District of California.

Therefore, at Wilmington this 28th day of March 2024, **IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue (D.I. 22) is **GRANTED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　GREGORY B. WILLIAMS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE